# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| TIFFANY HARRIS, individually and on behalf of all others similarly situated, | CASE NO. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| ADVANCED MARKETING & PROCESSING, INC. d/b/a PROTECT MY CAR, | |
| Defendant. _____/ | |

Plaintiff Tiffany Harris ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Advanced Marketing & Processing, Inc. d/b/a Protect My Car ("Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

2. This Court has personal jurisdiction over Defendant because Defendant resides in this State.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

4. Plaintiff Tiffany Harris, at all times mentioned herein, has resided in and has been a citizen of the State of Alabama.

5. Defendant Advanced Marketing & Processing, Inc. d/b/a Protect My Car is a corporation organized under the laws of Florida, with a principal place at 570 Carillon Parkway, Suite 300, St. Petersburg, Florida 33716.

## FACTS COMMON TO ALL CAUSES OF ACTION

6. Plaintiff's residential phone number has been registered with the National Do-Not-Call Registry since January 26, 2022.

7. Plaintiff was the subscriber who registered her residential phone number on the National Do-Not-Call Registry.

8. Defendant is a provider of extended car warranties that generates substantial

profits from soliciting its consumer services through telemarketing.

9. Defendant and/or one of Defendant's agents called Plaintiff on her cellular telephone from the number (859) 993-2487 on July 23, 2022.

10. Defendant and/or one of Defendant's agents placed this call using an artificial or prerecorded voice without Ms. Harris's prior consent.

11. When Plaintiff answered Defendant's call it began immediately, using a pre-recorded voice.

12. Thereafter, a recording played with an artificial and/or pre-recorded message seeking information about Plaintiff's vehicle. Plaintiff was then transferred to a live agent for the purposes of selling car warranties. Plaintiff told the representative that she was not interested.

13. Plaintiff knows this call was made by Defendant and/or one of Defendant's agents because she was provided a call back number for Defendant at (888) 692-2718. Plaintiff also knows this call was made by Defendant and/or one of Defendant's agents because the representative she spoke with identified themselves as selling car warranties on behalf of Defendant.

14. Defendant and/or one of Defendant's agents called Plaintiff again on her cellular telephone from the number (855) 588-2173 on August 17, 2022.

15. Defendant and/or one of Defendant's agents placed this call using an artificial or prerecorded voice without Ms. Harris's prior consent.

16. When Plaintiff answered Defendant's call it began immediately, using a pre-recorded voice.

17. Thereafter, a recording played with an artificial and/or pre-recorded message

seeking information about Plaintiff's vehicle. Plaintiff was then transferred to a live agent for the purposes of selling car warranties. Plaintiff told the representative that she was not interested.

18. Plaintiff knows the call at issue was made by Defendant or one of Defendant's agents because the representative she spoke with directed her to the Protect My Car website for identifying information. Plaintiff also knows this call was made by Defendant and/or one of Defendant's agents because the representative she spoke with identified themselves as selling car warranties on behalf of Defendant.

19. Prior to the calls at issue in this action, Ms. Harris had not had any contact with Defendant nor used any of Defendant's services. She has never consented in writing, or otherwise, to receive prerecorded telephone calls from Defendant. Moreover, Plaintiff has no interest in vehicle warranties, as she has maintained car insurance through Allstate for years.

20. Defendant knowingly made (and continues to make) prerecorded and unsolicited telemarketing calls to the telephones of Plaintiff and other consumers without the prior express written consent of the call recipients.

21. In making these calls, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA. Such calls are also harassing and a nuisance for Plaintiff and putative class members.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and all other persons similarly situated.

23. **Class Definitions**: Plaintiff brings this Complaint against Defendant, pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and the following Classes:

> **National Telemarketing Class**: All persons within the United States who (a) received a telephone call on his or her landline or cellular telephone; (b) made by or on behalf of Defendant; (c) in which an artificial or prerecorded voice was played; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated (the "Class Period").
>
> **National DNC Class**: All persons in the United States whose numbers are listed on the national do-not-call registry, and received two or more telemarketing calls within any 12-month period from Defendant or its agents to their residential telephone number 31 or more days after the telephone number was listed on the national do-not-call registry throughout the Class Period.

24. Plaintiff represents, and is a member of, the proposed Classes. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staffs and immediate families.

25. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Classes, but reasonably believes, based on the scale of Defendant's business, that the Classes are so numerous that individual joinder would be impracticable.

26. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

28. The proposed Classes can be identified easily through records maintained by Defendant.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an artificial or prerecorded voice without their prior express consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages; and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. **Typicality.** Plaintiff asserts claims that are typical of each member of the Classes because they are all persons who received pre-recorded calls on their telephones without their prior express written consent. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes and has no interests which are antagonistic to any member of the proposed classes.

31. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes, and has no interests which are antagonistic to any member of the proposed Classes.

32. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

34. Classwide relief is essential to compel Defendant to comply with the TCPA.

35. The interest of the members of the proposed Classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA is relatively small.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

37. Defendant has acted on grounds generally applicable to the proposed Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Classes as a whole appropriate.

38. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendant.

40. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to treble damages of up to

$1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and members of the proposed Classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein. Plaintiff brings this claim individually and on behalf of the National Telemarketing Class and National DNC Class against Defendant.

45. The foregoing acts and omissions of Defendant and/or its agents constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Classes are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the proposed Classes are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

48. Plaintiff and members of the proposed Classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Classes $500.00 in statutory damages for each and every call that violated the TCPA;

d. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate the Classes, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the Classes;

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  November 17, 2022

Respectfully submitted,

By:  */s/ Stephen A. Beck*
Stephen A. Beck

**BURSOR & FISHER, P.A**
Stephen A. Beck (Fla. Bar No. 1010183)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 679-9006
E-Mail: sbeck@bursor.com

8

*Attorney for Plaintiff*